GreeN, J.
delivered the opinion of the court.
This is a bill brought by Joseph Robinson, administrator of John Robinson, deceased, against all the distributees of the estate, for the purpose of ascertaining the advancements to them by the intestate; so as that the administrator may distribute the surplus of the estate among them according to law.
The case has come up here, on one item charged as an advancement to David Robinson. His father placed him in possession of a tract of land, having about forty acres cleared upon it. It was intended for his use, and that of his children; the title was not given to him, because the father was afraid he would waste the property. If this were a direct claim for rent by the administrator, it could not be maintained, because, if a father or other person put a relative into possession of land, intending either the land or its use, as a gift, or benefit, or loan or advancement to the party so let into possession, such circumstance will repel the idea of a contract express or implied for the payment of rent. Ridley vs. McNairy, 2 Hump. R. But this is not a claim by the administrator against David Robinson on the ground of indebtedness to him, or to the intestate for rent. It is a proceeding in which it is insisted, that the rent was in fact a loan or benefit given by the intestate, and to be considered of in that light in an equitable adjustment of advancements among the distributees. But so much of the charge for rent, as arises from the possession of the land, after the death of the intestate, is clearly wrong, and was erroneously allowed.
*394 Upon that event taking place, the possessor, David Robinson, would become liable to the new owners, the heirs, for use and occupation.
Let the Clerk and Master enquire how much was so erroneously allowed, and to that extent the decree will be reformed.